807 So.2d 350 (2002)
STATE of Louisiana
v.
Calvin D. RICE.
No. 2001-KA-0215.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2002.
*351 Karen G. Arena, Louisiana Appellate Project, River Ridge, LA, Counsel for Calvin Rice.
Harry F. Connick, District Attorney, William L. Jones, III, Assistant District Attorney, New Orleans, LA, Counsel for State of Louisiana.
Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY and Judge TERRI F. LOVE.
JONES, Judge.
Calvin D. Rice appeals his sentence of life imprisonment as a third felony offender for the possession of cocaine. By his lone assignment of error, he argues that his sentence is excessive. For the reasons set forth herein, we affirm.
Rice was charged by bill of information with possession of crack cocaine, a violation of La. R.S. 40:967(C). A six-person jury found him guilty as charged, and the state charged him as a third-felony habitual offender. At the close of the sentence hearing, the district court denied his Motion to Quash the habitual offender bill of information and adjudicated him a third-felony habitual offender. Rice was sentenced to life imprisonment, without benefit of parole, probation or suspension of sentence. The district court overruled his objection to the sentence, and he noted that he was going to file a Motion to Reconsider Sentence on the ground that the sentence was constitutionally excessive. This timely appeal follows.

*352 Facts
New Orleans Police Officer Joseph Joia testified that at approximately 8:15 p.m. on April 26, 2000, he and his partner, Officer George Jackson, were on proactive patrol in the 5500 block of Bundy Road, in the Heartwood East Apartment Complex. Officer Joia testified that the area was known for narcotics trafficking, characterizing it as a "high drug area." The officers were wearing task force uniforms consisting of navy blue fatigues and a navy blue T-shirt with "New Orleans Police Department" on it. Officer Joia testified that as the officers walked through the complex he observed a black male, later identified as Rice, standing with his back to them. Rice turned and saw the officers as they were walking toward him at which time Rice turned his back toward the officers, reached into his left pocket with his left hand, and threw an object to the ground. Officer Joia said based on his experience, he believed that Rice had discarded narcotics. Officer Jackson detained Rice, while Officer Joia retrieved a small plastic bag containing three individually wrapped pieces of crack cocaine approximately two to three feet from Rice. Rice was placed under arrest and advised of his rights. Subsequently, he informed the officers that he was a drug user, not a drug seller, and further admitted that the cocaine belonged to him. Officer Joia identified the plastic bag containing three rocks of crack cocaine as evidence. The bag had Rice's name on it, as well as Officer Joia's name on it, indicating that Officer Joia placed the evidence in the property room.
Officer Joia testified on cross-examination that the officers were approximately ten to fifteen feet away when Rice turned and saw them. He also said that Rice attempted to walk away after he discarded the contraband.
The testimony of Officer George Jackson corroborated that of Officer Joia. Officer Jackson estimated that he was approximately fifteen feet from Rice when Rice turned and saw the officers. Officer Jackson conceded on cross-examination that the police report did not reflect that Rice had his back to the officers as they approached him. He further conceded, as had Officer Joia, that no contraband was found on Rice's person when the officers searched him incidental to his arrest.
New Orleans Police Department Criminalist, John Frederick Palm Jr., was qualified by stipulation as an expert in the testing and analysis of controlled dangerous substances. He performed gas chromatograph-mass spectrometer, color and crystalline tests on the three rocks of cocaine. It was his opinion that the substances were cocaine. On cross-examination, Mr. Palm testified that the cocaine had a net weight of .7 grams.

Errors Patent
A review of the record reveals no errors patent.

Pro Se Assignment of Error No. 1

Excessive sentencing
Rice argues on appeal that his sentence is constitutionally excessive. He was adjudicated and sentenced as a third-felony habitual offender. Under La. R.S. 15:529.1(A)(1)(b)(ii), when the third felony or either one of the two prior felony convictions is a felony defined as a crime of violence under La. R.S. 14:2(13), as was the earliest of defendant's two prior convictions, the one for attempted sexual battery, the only sentence is life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.[1] The district court imposed the sentence provided for in the statute.
*353 Noting the harsh application of sentencing in Louisiana, our legislature recently amended La. R.S. 15:529.1(A)(1)(b)(ii) by Acts 2001, No. 403, § 2, effective August 15, 2001, which now provides for the mandatory life sentence only "[i]f the third felony and the two prior felonies are felonies" defined as crimes of violence under La. R.S. 14:2(13), as sex offenses under La. R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, as violations of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes. (emphasis added)
Thus, the effect of the amendment is that, had Rice been arrested on August 16, 2001, instead of April 26, 2000, for possession of the three rocks of crack cocaine, and had he been convicted of that offense and adjudicated a third-felony habitual offender based on the prior convictions for attempted possession of cocaine and attempted sexual battery, as he was in the instant case, he would not be sentenced under the amended La. R.S. 15:529.1(A)(1)(b)(ii). Rice would still be two special enumerated felony convictions away from falling under La. R.S. 15:529.1(A)(1)(b)(ii), and from being subject to its mandatory life sentence.
Instead, Rice would simply be a "regular" third-felony habitual offender, subject to a sentence under La. R.S. 15:529.1(A)(1)(b)(i) of not less than two-thirds of the longest possible sentence for the present conviction of possession of cocaine; forty months, pursuant to La. R.S. 40:967(C)(2) and not more than twice the longest possible sentence prescribed for a first conviction for that offense; ten years, pursuant to La. R.S. 40:967(C)(2). Thus, he would be facing a maximum sentence of ten years at hard labor, without benefit of probation or suspension of sentence, not a mandatory life sentence without benefit of parole, probation or suspension of sentence.
Section 6 of Act No. 403 provides the provisions of Act 403 "shall only have prospective effect." We further note that, Act No. 403 also enacted La. R.S. 15:574.22, which creates the "Louisiana Risk Review Panel" within the Department of Public Safety and Corrections (hereinafter "DPSC"). The DPSC can create not more than three risk review panels, each of which shall have the duty to evaluate the risk of danger to society a person convicted of a crime may present if released from confinement. The statute provides that a person not presenting a risk of danger to society if released may be recommended for consideration for clemency or parole.
This provision somewhat ameliorates the prospective application of Act No. 403 which, in addition to amending two provisions of the Habitual Offender Law, removes the stipulations denying the benefit of parole, probation and suspension of sentence from a number of sentencing provisions for certain non-violent crimes, and reduces sentences for certain drug offenses. La. R.S. 15:574.22(G) refers to persons who benefit from the statute as those convicted of a crime "not defined as a crime of violence in La. R.S. 14:2(13)," but this seems to refer to the single crime for which a defendant has been sentenced. However, La. R.S. 15:574.22(G)(3) further provides that the panel shall not evaluate the risk presented by a person sentenced *354 as a habitual offender under La. R.S. 15:529.1 where one or more of the convictions for which the person was sentenced as a habitual offender was a crime of violence defined or enumerated in La. R.S. 14:2(13). However if we were to affirm Rice's life sentence, he would not be subject to consideration under this statute.
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906, pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La. App. 4 Cir. 10/26/95), 663 So.2d 525, 527. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must show by clear and convincing evidence that he is exceptional, which in this context means that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343; Johnson, 97-1906, p. 8, 709 So.2d at 677. "Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations." Id.
Rice first argues that the district court erred because it determined that it had no discretion but to sentence him to the mandatory life sentence provided for by La. R.S. 15:529.1(A)(1)(b)(ii).
In sentencing Rice, the district court stated:
The Court's reading of the multiple bill statute, 15:529.1, [sic] that the Court has no discretion in a situation like this. And the sentence is mandated under the law. Does the defendant have anything to say before the Court imposes sentence?
The district court's statement is in error. Under the applicable section of La. R.S. 15:529.1, the district court is not given discretion as to the sentencing. The statute provides only one sentence for a defendant adjudicated a third-felony habitual offender where at least one of the three convictions was for a crime of violence as defined by La. R.S. 14:2(13). The sentence further subjects the offender to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. However, Rice argues that the district court erroneously believed that it could not, under any circumstances, impose any sentence other than life. He cites the Louisiana Supreme Court's decision in Dorthey, which makes it clear that a court can find a mandatory minimum sentence under the Habitual Offender Law to be constitutionally excessive and impose a lesser sentence. While the Court is not required to consider Dorthey in sentencing a defendant, considering the enactment of Act 403, a signal that our legislature desires to revisit harsh sentencing in our state, we conclude that it was error for the *355 district court not to have considered Dorthey in sentencing Rice. The district court did have the judicial powers to consider a sentence other than life imprisonment and the district court was erroneous in not considering an alternative sentence upon Rice's request.
Further, the district court in the instant case did not list any specific aggravating and/or mitigating circumstances, by informing Rice that it had no discretion under the statute, and that the sentence was mandated under the law, it adequately complied with La.C.Cr.P. art. 894.1. Prior to the imposition of the sentence, defense counsel argued in mitigation that Rice's 1998 conviction, for attempted possession of cocaine, was based on Rice's possession of a crack pipe containing cocaine residue. Defense counsel also argued that in 1992, at the time Rice pleaded guilty to attempted sexual battery,[2] the district court failed to state for the record that it was a crime of violence. This is because in 1992 La. R.S. 14:2 did not define a "crime of violence." The district court rejected that argument.[3] Thus, the district court was aware that the second felony conviction was for Rice's possession of a crack pipe.
We find that this assignment of error has merit. We vacate Calvin D. Rice's sentence under the multiple offender statute, and remand to the district court for consideration of sentence as is permitted in Dorthey and in consideration of La. C.Cr.P. art 894.1.

Pro Se Assignment of Error No. 2
There is no merit to Rice's second pro se assignment of error, wherein he argues that the district court erred in denying his Motion to Suppress the Evidence.

DECREE
For the foregoing reasons, Calvin D. Rice's conviction is affirmed and we vacate his sentence and remand to the district court for further consideration under Dorthey and in consideration of La.C.Cr.P. art 894.1.
CONVICTION AFFIRMED SENTENCE VACATED AND REMANDED.
MURRAY, J., concurs with reasons.
MURRAY, J., concurring with reasons.
I concur in the result based on the trial judge's expressed doubts about the fairness of the legislatively mandated sentence and his belief that he had no discretion to depart from it.
The record reflects that during the multiple bill sentencing hearing, defense counsel argued that the mandated sentence was unconstitutional because defendant's predicate conviction of attempted sexual battery was not designated as a crime of violence by the legislature at the time the offense was committed, to which the trial judge responded:

*356 Well, I understand your argument, and I tend to agree with it, the State Supreme Court has said that ex post facto doesn't apply in these types of situations. So, the legislature can designate something as a crime of violence today and even though the defendant was convicted of it nine years ago, it can serve as a basis to mandate a life sentence. [sic]
This statement, along with the statement of the trial judge quoted by the majority, indicates that although the trial judge had misgivings about the fairness of the sentence, he believed that he did not have the discretion to depart from it. Because of his misconception, I agree that the sentence should be vacated and the matter remanded for consideration under Dorthey and re-sentencing.
NOTES
[1] La. R.S. 15:529.1(A)(1)(b)(ii) also mandates a life sentence if the third or either of the two prior felonies is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment more than five years, or any other crime punishable by more than twelve years.
[2] The record contains a bill of information on Rice with amended charges of unauthorized entry of an inhabited dwelling and attempted sexual battery. However, the record contains a plea of guilty form only for the unauthorized entry charge. It can be noted that the record also does not contain other documents discussed at the habitual offender hearing, such as fingerprinted arrests registers or the copy of Rice's fingerprints taken on the day of the hearing. The fingerprint expert testified that Rice was convicted of both unauthorized entry and attempted sexual battery. Rice's trial counsel referred to two pleas of guilty forms with regard to the 1992 convictions. Neither Rice's appellate counsel nor Rice's pro se question that he was convicted of attempted sexual battery. Appellate counsel pleads in mitigation that the attempted sexual battery conviction arose out an incident with Rice's ex-girlfriend.
[3] Neither appellate counsel nor Rice pro se raises this issue on appeal.