MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE

pin 1998, appellant was charged with possession of cocaine. He pleaded not guilty and the district court denied his motion to suppress the evidence. A six-person jury found him guilty as charged. Following a hearing on a multiple bill of information appellant was adjudicated a third felony offender. He was sentenced to serve life in prison at hard labor without benefit of parole. This court affirmed the conviction and sentence. State v. Hall, unpub., 2001-1471 (La.App. 4 Cir. 4/24/02), 817 So.2d 514.
In 2009, counsel filed a motion to correct an illegal sentence and motion to reconsider sentence that were denied by the district court. The defense orally noted its intent to appeal but failed to file a written motion as requested by the district court. Appellant subsequently filed an application for post-conviction relief alleging that counsel was ineffective for failing to file a written motion for an appeal. It was denied on April 13, 2010. This court vacated that judgment because we are precluded from considering his excessive sentence claim since the district court had not ruled on his original oral motion to reconsider sentence. The district court was further ordered to grant appellant an appeal of his sentence. State v. Hall, unpub., 2010-0720 (La.App. 4 Cir. 6/4/2010). On remand the district court granted appellant an appeal.

STATEMENT OF FACT

The facts of this offense are not relevant to the adjudication of the issues before us.

ERRORS PATENT REVIEW

A review for errors patent was done in conjunction with appellant’s original appeal and none were found.

ASSIGNMENTS OF ERROR NUMBER 1 AND 2

Because both assignments of error raised by appellant involve the issue of whether appellant’s sentence is excessive, we will discuss them together.
In the motion to reconsider sentence denied by the district court in 2009, appellant argued that the district court erred when it stated during his original sentencing that it had no discretion to impose anything less than a life sentence under La. R.S. 15:529.1. He urges that his current life sentence is unduly excessive particularly in light of the amendments made to La. R.S. 15:529.1, which no longer mandate a life sentence. Appellant argues further that the matter should be remanded because the district court was under the erroneous impression that a life sentence was still possible under the new law.
Under La. R.S. 15:529.1(A)(1)(b)(ii), as it provided at the time of appellant’s offense, when the third felony or either one of the two prior felony convictions is a felony *341 defined as a crime of violence under La. R.S. 14:2(13), as [.-¡were both of appellant’s prior felony convictions, the only sentence is life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence.[1] The trial court imposed the sentence provided for in the statute.
In State v. Rice, 2001-0215, pp. 5-6 (La.App. 4 Cir. 1/16/02), 807 So.2d 350, 354, this Court reviewed the standard for ex-cessiveness of a mandatory life sentence imposed on a defendant convicted of simple possession of cocaine and sentenced as a multiple offender:
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906, pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must show by clear and convincing evidence that he is exceptional, which in this context means that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256, p. 5 (La. 10/17/00), 770 So.2d 339, 343; Johnson, 97-1906, p. 8, 709 So.2d at 677. “Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” Id.
This Court ultimately vacated Rice’s sentence and remanded his case because we found that the trial court had opined that it had no choice but to impose a life sentence. This Court noted that, under Dorthey, this was an incorrect statement. Since counsel had argued a variety of mitigating factors, the Court concluded that remand was appropriate.
In State v. Wilson, 2002-0776 (La.App. 4 Cir. 1/22/03), 839 So.2d 206, the trial court had also stated that it had no discretion to do anything but impose a life sentence on a *342 fourth offender convicted of possession of cocaine. In remanding for resentencing in light of Dorthey, this Court relied on Rice-.
This Court in Rice explained as follows:
... [The] Louisiana Supreme Court’s decision in Dorthey, which [sic] makes it clear that a court can find a mandatory minimum sentence under the Habitual Offender Law to be constitutionally excessive and impose a lesser sentence. While the Court is not required to consider Dorthey in sentencing a defendant, considering the enactment of Act 403, a signal that our legislature desires to revisit harsh sentencing in our state, we conclude that it was error for the district court not to have considered Dor-they in sentencing Rice. The district court did have the judicial powers to consider a sentence other than life imprisonment and the district court was erroneous in not considering an alternative sentence upon Rice’s request.
Rice, 2001-0215, p. 7, 807 So.2d 350, 354-355.
Wilson, p. 12, 839 So.2d at 214.
In Wilson, this Court noted the legislature’s decision to reduce many mandatory minimum sentences with its enactment of Acts 2001, No. 403, § 4, eff. June 15, 2001. Although the reduction in minimum sentences had a prospective application only, the policy choice of the legislature was a factor which a trial court could and should consider in determining whether the mandatory minimum sentence was constitutionally excessive under Dorthey. See State v. Everidge, 2002-0309 (La.App. 4 Cir. 12/11/02), 834 So.2d 1197, and cases cited therein.
As in Rice and Wilson, the trial court opined during appellant’s original sentencing that it had no choice but to impose a life sentence. Unlike in Rice, though, counsel offered no mitigating factors that would warrant a downward departure. However, counsel did request that the court consider the presentence investigation that it ordered and impose a sentence less than life.
At the hearing on the 2009 motion to reconsider sentence held on June 4, 2009, counsel urged the court to impose a lesser sentence in light of the changes made to La. R.S. 15:529.1. Before denying the motion, the district court noted the following:
The sentence, as it was written on the day in question, required a mandatory life sentence. The sentence has been modified by legislature to make the sentencing range no less than twenty years, and no more than life. So even under today’s law, he would still be eligible for a life sentence at the discretion of the court. However, this court applied the law as it applied on the date in question.
The district court clearly misstated the sentencing range. La. R.S. 15:529.1(A)(1)(b)(ii) currently provides for a maximum sentence of ten years under the circumstances of this case. Also, it does not appear that the district court felt that it had the discretion to impose a sentence other than life. It simply noted that the law 1 ñin affect at the time required a mandatory life sentence.[2] Thus, under the reasoning in Wilson, we remand this case to afford appellant the opportunity to prove that the mandatory minimum sentence is unconstitutionally excessive as applied to him. We do not mean to suggest, however, that the Court below must neees- *343 sarily impose a lesser sentence. Compare State v. Williams, 2005-0176 (La.App. 4 Cir. 5/3/06), 932 So.2d 693, where the defendant sought a reduction of his sentence in light of the amendments made to La. R.S. 15:529.1. This court found no abuse of the district court’s discretion in imposing the mandatory life sentence, noting that the district court considered the defendant’s evidence in support of a lesser sentence but chose to base its decision on the presentence investigation that showed the defendant had an extensive criminal history.

CONCLUSION

For the reasons given above we vacate the apparent life sentence and remand for a new hearing on the motion to reconsider sentence.
SENTENCE VACATED; REMANDED.

. La. R.S. 15:529.1(A)(1)(b)(ii) also mandated a life sentence if the third or either of the two prior felonies was a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment more than five years, or any other crime punishable by more than twelve years. The legislature amended La. R.S. 15:529.1(A)( 1 )(b)(ii) by Acts 2001, No. 403, § 2, effective August 15, 2001; the statute now provides for the mandatory life sentence only "[i]f the third felony and the two prior felonies are felonies” defined as crimes of violence under La. R.S. 14:2(13), as sex offenses under La. R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, as violations of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes. Thus, if appellant had committed his crime after the August 15, 2001, his maximum sentence would have been ten years at hard labor, or twice the maximum for a first offender.

. Though a presentence investigation was ordered by the district court following trial on December 9, 2009, it is not part of the record, and nothing in the record shows that it was ever referred to by the court. Except from the predicates listed in the bill of information, the extent of appellant’s criminal history is unknown.