NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1208

STATE OF LOUISIANA

VERSUS

MARLON D. HARWELL

Judgment rendered: **FEB 2 1 2020**

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
No. 18-CR10-139139, Div. "E"

The Honorable William J. Burris, Judge Presiding

* * * * *

Warren Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee
State of Louisiana

Katherine M. Franks
Louisiana Appellate Project
Madisonville, Louisiana

Attorney for Defendant/Appellant
Marlon D. Harwell

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

McClendon, J. dissents in part for reasons assigned

**HOLDRIDGE, J.**

The defendant, Marlon Harwell, was charged by bill of information with obscenity, a violation of La. R.S. 14:106. He pled not guilty and, following a jury trial, was found guilty as charged. The State filed a habitual offender bill of information.[1] Following a hearing on the matter, the defendant was adjudicated a fourth-felony habitual offender and sentenced to life imprisonment without the benefit of probation or suspension of sentence. The defendant filed a motion to reconsider the sentence, which was denied. The defendant now appeals, designating two assignments of error. We affirm the conviction and habitual offender adjudication. We vacate the life sentence. We remand to the trial court for resentencing and for a determination of whether the twenty-year mandatory minimum sentence pursuant to La. R.S. 15:529.1(A)(4)(b) is constitutionally excessive.

### FACTS

Lieutenant Jeff Bergeron, with the Bogalusa Police Department, had received complaints that the defendant had been masturbating in view of the public. On the morning of June 26, 2018, Lieutenant Bergeron was in an unmarked unit when he saw the defendant walk out of his residence, a duplex on Ontario Avenue in Bogalusa. The defendant walked to the side of his residence, where there were chairs and a table, and he sat down. Lieutenant Bergeron indicated that the area where the defendant was sitting was open to the public, and it faced Superior Avenue, which was a major roadway that people traveled on every day. To obtain a better view of the defendant without being seen, Lieutenant Bergeron went inside a house located near the defendant's residence. The defendant was wearing a T-shirt and shorts. According to Lieutenant Bergeron, as

---

[1] The defendant has three prior convictions for obscenity, which were used to adjudicate him a habitual offender.

he observed the defendant through the kitchen window, he saw the defendant remove his penis through the leg of his shorts and masturbate. Lieutenant Bergeron arrested the defendant.

The defendant testified at trial. The defendant had prior convictions for indecent behavior with juveniles (for public masturbation), obscenity, forgery, possession of cocaine, and simple burglary. On the day of the incident, the defendant conceded that he was outside of his residence at about 7:00 a.m., but he denied that he exposed himself and masturbated.

## ASSIGNMENTS OF ERROR

In these two related assignments of error, the defendant argues, respectively, his sentence is illegal because he was sentenced under the wrong habitual offender provision; and, in the alternative, his life sentence is excessive.

The trial court sentenced the defendant, as a fourth-felony habitual offender, under La. R.S. 15:529.1(A)(4)(a). The defendant argues that because none of his convictions, including the instant offense, is defined as a crime of violence or sex offense, the applicable sentencing provision is La. R.S. 15:529.1(A)(4)(b). We agree. The State in brief also agrees with the defendant.

The defendant committed the offense of obscenity on June 26, 2018. Accordingly, the applicable provisions of the Habitual Offender Statute are those that existed on the date the offense was committed. See **State v. Parker**, 2003-0924 (La. 4/14/04), 871 So.2d 317, 327 ("the punishment to be imposed on defendant, a habitual offender, is that provided by La. R.S. 15:529.1 as it existed on the date he committed the underlying offense"); **State v. Sugasti**, 2001-3407 (La. 6/21/02), 820 So.2d 518, 520.

The applicable provision of La. R.S. 15:529.1(A), which became effective on November 1, 2017, addresses sentencing for fourth or subsequent felony

3

convictions and provides in pertinent part:

> (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:

> (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.

> (b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

> (c) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in R.S. 15:541 when the victim is under the age of eighteen at the time of commission of the offense, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

The defendant was sentenced pursuant to La. R.S. 15:529.1(A)(4)(a). The defendant's instant conviction and all three predicate convictions were for the offense of obscenity, which are not crimes of violence under La. R.S. 14:2(B). Under La. R.S. 15:529.1(A)(4)(b), the list of prohibited sex offenses are those set forth in La. R.S. 15:541. Under La. R.S. 15:541(24)(a), the only "sex offense" listed pertaining to obscenity is La. R.S. 14:106(A)(5) "(obscenity by solicitation of a person under the age of seventeen)." Particularly, under La. R.S. 14:106(A)(5), the crime of obscenity is the intentional solicitation or enticement of an unmarried person under the age of seventeen years "to commit any act prohibited by Paragraphs (1), (2), or (3) of this Subsection."

The defendant's instant conviction and prior convictions were for violations of La. R.S. 14:106. Nothing in the facts of the instant conviction or those set forth in the prior convictions indicate the defendant sought to solicit a minor to commit

4

the crime of obscenity. Accordingly, since none of the defendant's convictions, including the instant conviction, are sex offenses under La. R.S. 15:541, the defendant should have been sentenced under La. R.S. 15:529.1(A)(4)(b).

We recognize that the more general provision of La. R.S. 15:529.1(A)(4)(a) applies to the defendant as well. A rule of statutory construction, however, is that a specific statute controls over a broader, more general statute. See **Sharp v. Sharp**, 2005-1046 (La. App. 1st Cir. 6/28/06), 939 So.2d 418, 421, writ denied, 2006-1877 (La. 11/17/06), 942 So.2d 533. Further, a fundamental rule of statutory construction is that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. **State v. Campbell**, 2003-3035 (La. 7/6/04), 877 So.2d 112, 118. See **Burge v. State**, 2010-2229 (La. 2/11/11), 54 So.3d 1110, 1113 (per curiam).

Under La. R.S. 15:529.1(A)(4)(b), if none of the convictions are crimes of violence or sex offenses under La. R.S. 15:541, then the person shall be "imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years." The maximum sentence for a first conviction of obscenity is three years imprisonment with or without hard labor. See La. R.S. 14:106(G)(1). Accordingly, since twice the possible sentence prescribed for a first conviction of obscenity is less than twenty years, the defendant's sentencing exposure is imprisonment for twenty years. We, therefore, vacate the defendant's life sentence.

With the vacating of the instant sentence, the trial court has not had the opportunity to consider the excessiveness *vel non* of the defendant's twenty-year mandatory minimum sentence. In **State v. Dorthey**, 623 So.2d 1276, 1280-81 (La.

5

1993), the Supreme Court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676.

Because the defendant's instant conviction and prior convictions are neither violent offenses under La. R.S. 14:2(B) nor sex offenses under La. R.S. 15:541, it is necessary for the trial court to determine whether the mandatory minimum twenty-year sentence may be excessive. Accordingly, we remand this case to afford the defendant the opportunity at the sentencing hearing to prove that the mandatory minimum sentence of twenty years is unconstitutionally excessive as applied to him. See **State v. Thompkins**, 2018-2104 (La. 6/17/19), 274 So.3d 1252, 1253-54 (per curiam); **State v. Hall**, 2010-1516 (La. App. 4th Cir. 4/18/11), 64 So.3d 339, 342. If the trial court finds that the twenty-year sentence under La. R.S. 15:529.1(A)(4)(b) would be constitutionally excessive pursuant to the criteria set forth in **Dorthey**, then the trial court shall state for the record the reasons for such finding and shall impose the most severe sentence that is not constitutionally excessive. See La. R.S. 15:529.1(I).[2]

Based on the foregoing, we vacate the defendant's life sentence. We remand

---

[2] Because the defendant will be resentenced, his second assignment of error on the excessiveness of his life sentence is moot.

6

to the trial court for resentencing. Prior to sentencing, the trial court is to conduct a sentencing hearing to allow the defendant the opportunity to demonstrate that the twenty-year mandatory minimum sentence pursuant to La. R.S. 15:529.1(A)(4)(b) would be constitutionally excessive as applied to him.

**CONVICTION AND HABITUAL OFFENDER ADJUDICATION AFFIRMED; DEFENDANT'S LIFE SENTENCE VACATED; AND REMANDED FOR RESENTENCING AND FOR SENTENCING HEARING TO DETERMINE IF TWENTY-YEAR MANDATORY MINIMUM SENTENCE PURSUANT TO LA. R.S. 15:529.1(A)(4)(b) IS CONSTITUTIONALLY EXCESSIVE.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1028

STATE OF LOUISIANA

VERSUS

MARLON D. HARWELL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., dissenting in part.**

I agree with the majority's decision to vacate the defendant's life sentence. However, rather than remanding to the trial court for resentencing, I would resentence the defendant to twenty years imprisonment at hard labor without benefit of probation or suspension of sentence. See LSA-R.S. 15:529.1(G). I would accordingly remand this matter to the trial court for amendment of the minutes and commitment order.