499 So.2d 360 (1986)
STATE of Louisiana
v.
Paul MERSCHAL.
No. KA-4970.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and LOBRANO, JJ.
GARRISON, Judge.
The defendant, Paul Merschal, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Following a jury trial, the defendant was found guilty of simple robbery, a violation of LSA-R.S. 14:65.[1] The defendant was subsequently found to be a multiple offender *361 and was sentenced to five years at hard labor. He now appeals.
On April 19, 1984 at approximately 10:45 p.m., Officer Jake Dawson of the New Orleans Police Department responded to a call at the home of Dr. Joshua Carey at 1218 Bourbon Street. According to Dr. Carey, the defendant, whom Carey had met previously, arrived at Carey's door earlier that evening and told him that one of his neighbors had asked the defendant to check on him. When Carey responded that he was fine, the defendant then asked if he could use Carey's bathroom. Carey allowed the defendant to come inside and the defendant went into the back of the house in the direction of the bathroom. After several minutes passed, Carey went to check on the defendant. As he was walking down the hall, the defendant suddenly grabbed Carey from behind, held a knife to his throat and said, "This is a robbery." After a brief struggle between the defendant and Carey in which a shotgun belonging to Carey was fired by the defendant without hurting anyone, Carey managed to escape and run to a neighbor's house to call the police. Carey gave a detailed description of the perpetrator to the police and reported that the perpetrator had stolen money, a credit card and a pistol from Carey's home. Several hours later, the police spotted the defendant who matched the description given by Carey and who was in possession of a credit card belonging to Carey. Carey positively identified the defendant as the person who had robbed him earlier that evening.
On appeal, the defendant's only assignment of error is that the trial court erred in finding the defendant to be a multiple offender. Specifically, he contends that this finding was in error because the State presented no evidence to prove the allegations contained in the multiple bill, i.e. that the defendant had two prior felony convictions. The defendant alleges that neither of the previous crimes were felonies and, therefore, could not properly be used in the enhancement of his sentence under LSAR.S. 15:529.1.
In his brief, defense counsel claims that the defendant only admitted to being the same person who had been convicted of one of the previous alleged felonies. However, the sentencing transcript indicates that, through counsel, the defendant waived his right to a hearing on the multiple bill and announced that he was prepared to be sentenced as a multiple offender. Prior to sentencing, the following exchange transpired between the trial judge, the defendant and defense counsel:
BY MR. LARRE:
Paul Merschal. He would indicate to the Court that he did, in fact, have a prior conviction in Texas in 1977. He would waive his right to a hearing. He's prepared to be sentenced at this time as a multiple offender.
BY THE COURT:
All right, Mr. Merschal, you understand you have a right to a hearing on a multiple bill.
BY THE DEFENDANT:
Yes, sir.
BY THE COURT:
And you are waiving that right at this time?
BY THE DEFENDANT:
Yes, sir.
BY THE COURT:
The Court will therefore find you guilty of being a multiple offender. Are you ready for sentencing?
BY MR. LARRE:
Yes, Your Honor.
BY THE COURT:
Waive all legal delays?
BY MR. LARRE:
Yes, Your Honor. (Sen. Tr. 2)
The defendant relies on State ex rel Wilson v. Maggio, 422 So.2d 1121 (La.1982) in support of his contention that a defendant's admission in a multiple offender proceeding does not preclude his challenge to the multiple offender adjudication. However, the Wilson case is distinguishable from the instant case in that the defendant in Wilson merely admitted to being the same person charged in the multiple bill of information. *362 In the instant case, the defendant was clearly advised of his right to a hearing on the multiple bill and waived that right. Defense counsel also stated to the court that the defendant was prepared to be sentenced as a multiple offender. Furthermore, because the defendant failed to object to the State's insufficiency of proof at the sentencing hearing, he is barred from making this claim for the first time on appeal.[2]State v. Talbert, 416 So.2d 68 (La.1982). When the defendant waived his right to a hearing on the multiple bill, the State was relieved of its burden of proof, including the burden of proving that the defendant's prior convictions were felonies. In effectively pleading guilty to the multiple bill, the defendant waived all non-jurisdictional defects. State v. Crosby, 338 So.2d 584 (La.1976).
Therefore, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:65 states as follows:

A. Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
B. Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.
[2] Although defendant is precluded from raising this issue on appeal, it may be raised in an application for post-conviction relief.