ARMSTRONG, Judge.
We grant certiorari to review the three claims raised in relator’s application for post conviction relief. We deny those claims and affirm the trial court.
Relator’s first claim is that the predicate conviction in case number 315-832 Section “D” rested on an invalid guilty plea due to inadequate Boykinization. In support of this claim, the relator attaches to the writ application a copy of a transcript dated May 7, 1987.
The transcript provided by relator is from his sentencing in case number 315-832 and is not the Boykin transcript. The State entered exhibits from case number 315-832 into the record during the multiple bill proceeding. These exhibits include a guilty plea form dated January 22, 1987 and the docket master which indicates that the guilty plea was entered on January 22, 1987 and that a presentence investigation was ordered. The May 7, 1987 transcript reflects that the relator had previously pled guilty and was only present for sentencing. The confusion apparently arises because the minute entry of May 7, 1987 also indicates that relator pled guilty that date, whereas the transcript correctly reflects that relator was present only for sentencing.
In any event, as the trial court noted in its judgment denying relator’s application for post conviction relief, relator entered a guilty plea to the multiple bill of information. Because of the guilty plea, relator must attack the guilty plea in case number 315-832 in that court and not collaterally in the multiple bill case. State ex rel. Martin v. State, 462 So.2d 637 (La.1985). Therefore, the trial court was correct in denying this claim.
Relator’s second claim is that the trial court erred in “accepting the prosecutor’s exhibits to find him guilty” of being the person named in the multiple bill of information. Again, the record reflects that relator entered a guilty plea to the multiple bill of information, thereby waiving any attack on the sufficiency of the *92 State’s evidence. State v. Merschal, 499 So.2d 360 (La.App. 4th Cir.1986).
Relator’s third claim is that his counsel was ineffective because he did not properly investigate the records for evidence that relator’s prior conviction in case number 315-832 could not be used for enhancement purposes. Relator’s statement of this claim is complicated somewhat because he refers to evidence of identity from Jefferson Parish whereas the predicate conviction occurred in Orleans Parish.
A review of the district court record does indicate that two multiple bills were filed. One charged relator with being a quadruple offender and the other charged him as a triple offender. According to the guilty plea form executed by the relator, his attorney negotiated a plea bargain wherein relator would receive a ten year sentence whether he was a double or triple offender. According to the minute entry of the multiple bill proceeding, relator pled guilty to being a second offender. It would appear therefore that relator’s attorney did successfully hold the state to its plea bargain that relator would be sentenced to only ten (10) years regardless of whether a second or third offender.
Relator’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The relator must show that counsel’s performance was deficient and that the deficiency prejudiced the relator. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Strickland, supra, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the relator if he shows that the errors were so serious as to deprive him of a fair trial. Id. Relator must make both showings in order to prove that counsel was so ineffective as to require reversal.
Counsel negotiated a plea bargain for the relator which resulted in a substantially lower sentence than the possible maximum of 24 years that could be imposed if he were only a second offender. As a fourth offender, relator’s sentence would be a minimum of twenty years to a maximum of life imprisonment. It appears that counsel’s performance was not deficient. In any event, the relator has failed to present any evidence to show that the State could not successfully prove he was a multiple offender. This claim has no merit.
Accordingly, we affirm the trial court.
AFFIRMED.