PER CURIAM.
 
 [1]
 

 1, Granted. The trial court may have erred in 2007 by setting aside relator’s guilty plea entered in 1995, but the state did not seek review of that ruling, which has now long since become final.
 
 Compare State v. Jarrow,
 
 04-0483 (La. 9/24/04
 
 *890
 
 (La.9/24/04), 882 So.2d 1160 (“Relator’s filing below, properly considered as an application for post-conviction relief was untimely by a matter of 23 years and should not have been considered on the merits by the district court.”). It further appears that the state affirmatively acquiesced in that ruling by dismissing the prosecution several months after the court made its ruling. The district court was therefore not free to ignore the effect of that 2007 judgment in denying relator’s motion to vacate his habitual offender adjudication and sentence in 2009, on grounds that the prior conviction rendering him a second offender had been vacated and the prosecution dismissed. To the extent that relator’s habitual offender sentence exceeds the maximum penalty the trial court could have imposed for the underlying offense |2without enhancement of sentence under La.R.S. 15:529.1, relator’s application is in the nature of a motion to set aside an illegal sentence as a matter of La.C.Cr.P. art. 882, which permits correction of a sentence in excess of what the law provides “at any time.”
 
 See State ex rel. Johnson v. Day,
 
 92-0122 (La.5/13/94), 687 So.2d 102.
 

 The ruling below is therefore vacated and this case is remanded to the district court for reconsideration of relator’s application consistent with the views expressed herein.
 

 VICTORY and CLARK, JJ., would deny with reasons.
 

 CLARK, J., would deny.
 

 hThe application is untimely and not cognizable on collateral review. La. C.Cr.P. art 930.8;
 
 State ex rel Glover v. State,
 
 93-2330 (La.9/5/95), 660 So.2d 1189; La.C.Cr.P. art 930.3;
 
 State ex rel. Melinie v. State,
 
 93-1380 (La.1/12/96), 665 So.2d 1172.
 

 [1]
 

 . Kimball, C.J., not participating.