In re Carthan, Ricky; — Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of Beauregard, 36th Judicial District Court Div. B, No. CR196-98; to the Court of Appeal, Third Circuit, No. KH 10-00319.
 

 Denied. Because the statutes in effect at the time he committed the underlying offense authorized a life sentence based on relator’s status as a third or fourth offender, his sentence was not rendered illegal as a result of the vacation of one of the predicate convictions upon which his habitual offender adjudication rested. See La. C.Cr.P. art. 930.3;
 
 State ex rel. Melinie v. State,
 
 93-1380 (La.1/12/96), 665 So.2d 1172. Cf. La.C.Cr.P. art. 882;
 
 State v. Singleton,
 
 09-1269, pp. 1-2, (La.4/23/10), 33 So.3d 889, 889-90 (“To the extent that relator’s habitual offender sentence exceeds the maximum penalty the trial court could have imposed for the underlying offense without enhancement of sentence under La.R.S. 15:529.1, relator’s application is in the nature of a motion to set aside an
 
 *300
 
 illegal sentence as a matter of La.C.Cr.P. art. 882, which permits correction of a sentence in excess of what the law provides ‘at any time.’ ”).