PATRICIA RIVET MURRAY, Judge.
 

 liThe defendant, Cedric Reed, seeks review of the district court’s summary denial of his motion to correct an illegal sentence. Mr. Reed contends that the sentence imposed upon him as a habitual offender pursuant to La. R.S. 15:529.1 is an illegal sentence, subject to challenge at any time under La.C.Cr.P. art. 882, because the sole predicate offense relied upon for the habitual offender adjudication was a misdemeanor. He argues, therefore, that the district court erred in denying his motion without affording him a hearing, and requests a remand for a hearing. We agree, reverse the district court’s ruling, and remand this matter for a hearing on Mr. Reed’s motion.
 

 STATEMENT OF THE CASE
 

 In April 1999, Mr. Reed pleaded guilty to attempted armed robbery and admitted to the multiple bill of information. In accordance with a negotiated plea agreement, the district court sentenced Mr. Reed as a multiple offender to twenty-five years at hard labor with credit for time served without benefit of parole, probation, or suspension of sentence. Mr. Reed did not appeal his conviction and sentence.
 

 pin June 2011, Mr. Reed filed his motion to correct an illegal sentence pursuant to La.C.Cr.P. art. 882, alleging that the predicate offense used to multiple bill him was not a felony conviction as required by La. R.S. 15:529.1 A. Without a hearing, the district court denied Mr. Reed’s motion, reasoning that the twenty-five year sentence Mr. Reed received as a habitual offender was within the sentencing range for the crime of attempted armed robbery to which he pled guilty. This application for supervisory writ to review that ruling was timely filed.
 

 DISCUSSION
 

 In ruling on a motion to correct an illegal sentence, a district court is required to decide if the motion states a valid claim. Because the twenty-five year sentence imposed upon Mr. Reed as a habitual offender was within the sentencing range that could have been imposed for the underlying crime, the district court ruled that his
 
 *494
 
 was not an illegal sentence and denied the motion for failing to state a claim.
 

 As noted by the district court, Mr. Reed could have been sentenced to forty-nine and one-half years for attempted armed robbery, the underlying offense to which he pled guilty. La. R.S. 14:27 and 14:64. However, Mr. Reed was not sentenced under those statutes. He was sentenced under the habitual offender statute, which imposes conditions on a sentence beyond the number of years to be served. Consequently, the sentence imposed upon Mr. Reed as a habitual offender carries with it consequences that would not have flowed had he been sentenced to the same twenty-five years for the underlying crime.
 
 [1]
 
 The district court’s reliance Ron the number of years imposed in summarily denying his motion to correct an illegal sentence was misplaced.
 

 Mr. Reed contends that the predicate offense for which he was sentenced as a habitual offender was a misdemeanor rather than a felony as required by statute, and, therefore, his sentence, imposed under the habitual offender statute, is illegal. He relies upon
 
 State ex rel. Wilson v. Maggio,
 
 422 So.2d 1121 (La.1982), which he contends is on all fours with this case, to support his contention.
 

 In
 
 Wilson,
 
 the Louisiana Supreme Court held that the use of a misdemeanor as a predicate offense to multiple bill a defendant as a habitual offender resulted in the imposition of an illegal sentence. The predicate offense in the
 
 Wilson
 
 case was a federal felony conviction that was only a misdemeanor under Louisiana law. Because the habitual offender statute requires that a federal conviction be classified as a felony under Louisiana law to be used as a predicate offense, the Supreme Court held that the district court had erroneously considered the federal offense as a predicate offense. The Supreme Court further concluded that because of its decision to vacate the federal offense as a predicate offense the newly calculated cleansing period required that the other predicate offense be vacated. The Supreme Court still further concluded that because of its decision to vacate both of the relator’s predicate offenses the “relator should not have been adjudicated a multiple offender and the resulting fifteen year sentence was illegal.”
 
 Wilson,
 
 422 So.2d at 1124. Dismissing the relator’s seven year delay in raising the issue and |4the denial of his prior writ application raising the same issue, the Supreme Court reasoned that “an illegal sentence may be corrected at any time.”
 
 Id.
 
 at 1125 (citing La.C.Cr.P. art. 882).
 

 In this case, as in the
 
 Wilson
 
 case, Mr. Reed’s motion to correct an illegal sentence is based on the district court’s erroneous consideration of a misdemeanor
 
 *495
 
 offense as a predicate offense. As in the
 
 Wilson
 
 case, if the predicate offense is vacated, Mr. Reed’s sentence as a habitual offender is illegal. As in the Wilson case, Mr. Reed properly raised this claim under La.C.Cr.P. art. 882; and his twelve year delay in raising this claim therefore is of no moment.
 

 The State’s contention that
 
 State v. Merschal,
 
 499 So.2d 360 (La.App. 4th Cir. 1986), dictates a different result is misplaced. In
 
 Merschal,
 
 this court distinguished the Wilson case on the basis that the defendant in
 
 Merschal,
 
 unlike the relator in Wilson, effectively pled guilty to being a multiple offender. As a result of that guilty plea, this court held that the defendant could not raise on appeal the issue of the sufficiency of the evidence to support the multiple offender finding. In a footnote, this court reserved the defendant’s right to challenge the multiple offender finding in an application for post-conviction relief.
 
 Merschal,
 
 499 So.2d at 362, n. 2. This court in
 
 Merschal,
 
 however, never addressed the applicability of La.C.Cr.P. art. 882.
 

 This case is distinguishable from one in which a defendant who should have been adjudicated a third offender is adjudicated a fourth offender, and the sentence imposed is within the sentencing range for either a third or fourth offender. Under that scenario, if one of the predicate offenses is vacated, the defendant is still .[¿correctly sentenced as a habitual offender. Addressing that scenario, the Louisiana Supreme Court in
 
 State ex rel. Carthan v. State,
 
 10-2199 (La.10/7/11), 71 So.3d 299, denied the relator’s writ application reasoning that “[bjecause the statutes in effect at the time he committed the underlying offense authorized a life sentence based on relator’s status as a third or fourth offender, his sentence was not rendered illegal as a result of the vacation of one of the predicate convictions upon which his habitual offender adjudication rested.”
 
 Id.
 
 (citing La.C.Cr.P. art. 930.3;
 
 State ex rel. Melinie v. State,
 
 93-1380 (La.1/12/96), 665 So.2d 1172.
 
 Cf.
 
 La. C.Cr.P. art. 882;
 
 State v. Singleton,
 
 09-1269, pp. 1-2, (La.4/23/10), 33 So.3d 889, 889-90).
 

 For the forgoing reasons, the defendant’s writ application is granted. The district court’s ruling summarily denying the motion to correct an illegal sentence is reversed. This matter is remanded to the district court for a hearing on the motion. Appointed counsel, Richard Bourke, is relieved from further representation of the defendant; and the district court is instructed on remand to appoint counsel for the defendant.
 

 WRIT GRANTED AND REMANDED WITH INSTRUCTIONS
 

 [1]
 

 . As Mr. Reed points out, the additional consequences that flow from being sentenced under the habitual offender statute include the following:
 

 • La. R.S. 15:529.1 G providing that "[a]ny sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence.”
 

 • La. R.S. 15:571.3 C providing that ”[d]im-inution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if any of the following apply: (1) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1.”
 

 • La. R.S. 15:574.22 G providing that the following persons shall not be eligible for review by a Risk Review Panel: "(4) A person sentenced as a habitual offender under R.S. 15:529.1 where one or more of the crimes for which the person was convicted and sentenced under R.S. 15:529.1 is a crime of violence defined or enumerated in R.S. 14:2(B)."