LOVE, J.,
concurs and assigns reasons.
|,1 respectfully concur. I agree that the matter should be remanded for resentenc-ing pursuant to La.C.Cr.P. art. 894.1; however, I write separately to express my views as it relates to an errors patent review of the cleansing period issue.
I find that given the “sufficiency of the proof of the ‘cleansing period’ bears on [Mr. Hall’s] due process rights” and in our *73 capacity as an error-correcting court, we should apply an errors patent review to the cleansing period issue on appeal as fellow Louisiana circuits have done. State v. Abdul, 11-863, p. 28-29 (La.App. 5 Cir. 4/24/12), 94 So.3d 801, 820-21; See also State v. Robinson, 47,427, p. 7 (La.App. 2 Cir. 10/3/12), 105 So.3d 751, 755; State v. Baker, 452 So.2d 737, 745-46 (La.App. 1st Cir. 1984); and State v. Mickail, 45,786, p. 5 (La.App. 2 Cir. 11/3/10), 55 So.3d 70, 74 (citing State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790) (On supervisory review, the appellate court reviewed a sentencing error as an error patent). •
In Mr. Hall’s case, the evidence presented to substantiate Mr. Hall’s 1991 conviction for simple robbery included: October 31, 1990 arrest register; October 31, 1990 bill of information charging Mr. Hall with simple burglary of an automobile; December 11,1990 docket master entry reflecting Mr. Hall’s 12appointment of counsel and not guilty plea; April 23, 1991 docket master entry reflecting that a jury found Mr. Hall guilty as charged; and a May 6, 1991 docket master entry and minute entry showing Mr. Hall was sentenced to twelve (12) years at hard labor. Additionally, the arrest register and bill of information contained Mr. Hall’s fingerprints. As the majority indicates, there is nothing to suggest that the State offered prima facie proof under La. R.S. 15:529.1(F) of Mr. Hall’s release from the Department of Corrections’ custody or supervision pursuant to La. R.S. 15:571.5(B)(2).
Further, the multiple bill transcript demonstrates that the State did not know when Mr. Hall was released on the 1991 simple burglary conviction. The following exchange occurred:
The Court: When was the cocaine conviction? When was that?
Mr. Lampard [prosecutor]: 2009, Judge.
The Court: So between 1990 and 2009, there were no convictions and no arrests?
Mr. Lampard: He served a 12-year sentence, Judge.
The Court: On a burglary?
Mr. Lampard: Yes, Judge.
[[Image here]]
The Court: So when was he released? It was 1990 and twelve, so it was 2002 when he was released?
Mr. Lampard: That’s when his sentence ended.
The Court: That’s when he was released?
Mr. Lampard: Your Honor, I’m not sure if he was released, but his sentence ended in 2002.
The Court: Defense, do you know when he was released?
Ms. Fecker [defense counsel]: No, Your Honor, no representations.
The Court: Tyrone Hall, how old are you?
The Defendant: 55.
|s(Emphasis added).
At the hearing, the trial court specifically asked when Mr. Hall was released on the 1991 conviction. The State was unable to provide an answer, electing instead to provide when Mr. Hall’s sentence ended.
Although defense counsel did not raise the cleansing period argument in the trial court proceedings, the sufficiency of the State’s proof bears on Mr. Hall’s due process rights given Mr. Hall’s status as a fourth offender. The trial court found Mr. Hall to be fourth offender on the underlying possession of cocaine conviction. La. R.S. 40:967(0(2) states:
[a]ny person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than *74 five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.
Mr. Hall, pursuant to La. R.S. 15:529.1(A)(4)(a) as a fourth offender, was sentenced to the statutorily-required twenty (20) years. Under these particular set of facts, the sentence imposed carries with it consequences that adjudication as a third offender sentence does not. State v. Reed, 11-1026, p. 2 (La.App. 4 Cir. 11/30/11), 79 So.3d 492, 494.[1] La. R.S. 15:529.1(A)(3)(a) provides,
[t]he person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
In the present fact scenario, the sentence imposed for a defendant adjudicated as a third offender is substantially different (by at least ten years) than that of a fourth offender. The considerable difference in sentences for a third and fourth offender further underscores the necessity that the State provide sufficient proof that the “cleansing period” has not expired.[2]
|4I agree with the majority, as pointed out in a footnote, that the State could have easily avoided the issue had it complied with La. R.S. 15:529.1(F). However, I find that in order for Mr. Hall to demand proof of his release from custody stemming from his 1990 and 2008 arrests this Court would have to not only vacate Mr. Hall’s sentence, but also vacate his adjudication as a fourth offender.
More often than not, a defendant subject to a multiple offender adjudication is unfamiliar with the statutory requirements that guide both the prosecution and defense. Whether that defendant hires private counsel or one is appointed, the defendant relies heavily on defense counsel’s legal education and training to properly challenge such issues. Additionally, where defense counsel' has the opportunity to object and require proof from the State and fails to do so — and the defendant himself does not know to preserve the issue — the opportunity to challenge the validity of the multiple bill proceeding on appeal is procedurally barred.[3]
Consequently, this Court’s ability on appeal to review the sufficiency of the State’s proof of the cleansing period when it bears on the defendant’s due process rights should not depend on the defendant’s, or his counsel’s, failure to challenge the issue prior to sentencing. Therefore, I find that this Court should apply an errors patent review in such instances pursuant to La. C.Cr.P. art. 920(2).
Nevertheless, I recognize that in this case according to La. R.S. 15:571.5(B)(2), even if Mr. Hall was released on parole because of diminution of sentence supervision is for the entirety of the sentence. *75 Based on the record before us, and despite the State failing to offer prima facie proof of Mr. Hall’s release, Mr. 15Hall more than likely remained under the Department of Corrections’ supervision until 2002, less than ten years before his 2008 arrest.
In light of the stark contrast of possible sentences for a third and fourth offender and our findings as it relates to Mr. Hall’s excessive sentence claim, I agree that the matter should be remanded to the trial court for Mr. Hall’s resentencing in accordance with La.C.Cr.P. art. 894.1. For the reasons outlined above, I respectfully concur.

. On supervisory review, this Court reversed the trial court's ruling and remanded the matter for an evidentiary hearing on the defendant's motion to correct an illegal sentence.

. Compared to State v. Merschal, 499 So.2d 360 (La.App. 4th Cir.1986), where the defendant’s status as a fourth or third offender did not affect the legality of his sentence.

. Likewise, a similar challenge on application for post-conviction relief is procedurally barred. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172 (addressing claims for relief of excessiveness of sentence or other sentencing errors post-conviction); State v. Cotton, 09-2397, p. 2 (La.10/15/10), 45 So.3d 1030 (The habitual offender proceeding constitutes sentencing and as a result there is no procedural vehicle for challenging the proceedings, as opposed to direct appeal of the conviction and sentence.)