GRAVOIS, J.
| iDefendant, Carl Sutton, filed this appeal, seeking review of his habitual offender sentence. On appeal, he argues that the trial court erred in sentencing him as a habitual offender because the predicate conviction from Texas used in the habitual offender bill of information is not a felony. The State, in brief, concurs with defendant’s arguments that the predicate offense is ineligible to be used in the habitual offender bill of information. Both defendant and the State ask this Court to vacate defendant’s habitual offender sentence and remand the matter for further proceedings. Upon review, we find that the evidence and the law support the arguments made by defendant and joined in by the State, that an invalid predicate conviction was cited on the habitual offender bill of information. Accordingly, we vacate defendant’s habitual offender sentence, reinstate his original sentence, and remand the matter for further proceedings.
PROCEDURAL HISTORY
On June 13, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Carl Sutton, with attempted possession of cocaine in excess of 400 grams, in violation of La. R.S. 40:979 and La. R.S. 40:967(F). Defendant was arraigned on July 19, 2013 and pled not guilty to the charge. On February 18,2014, defendant withdrew his not guilty plea and pled guilty as charged. The trial judge then sentenced defendant to the Department of Corrections for seven years, six months. Also on February 18, 2014, the State filed a habitual offender bill of information alleging that defendant was a second felony offender, to which defendant stipulated. On that same date, the trial judge vacated defendant’s original sentence and resentenced defendant under the habitual offender statute to the Department of Corrections for seven years, six months, without the benefit of probation or suspension of sentence.
|2On July 28, 2014, defendant filed a pro se writ of habeas corpus arguing that he was not given credit for time served. On August 13, 2014, the trial judge denied that pleading. On August 31, 2015, defendant filed a motion to correct an illegal sentence, arguing that his enhanced sentence should be vacated because the predicate offense was a misdemeanor that was erroneously used in the habitual offender bill of information. On September 2, 2015, the trial judge ruled that the State or defendant could file documentary evidence or legal argument for consideration in connection with the motion to correct an illegal sentence on or before October 19, 2015. On October 13, 2015, defendant filed a motion to supplement the record with documentary evidence and legal argument in support of his motion to correct an illegal sentence. Attached to his motion was a Certificate of Disposition, the habitual of *332 fender bill of information in the instant case, an Order of Deferred Adjudication, an Order Affecting Community Supervision, and an indictment. On October 16, 2015, the trial court granted defendant’s motion to supplement the record.
Defendant filed a writ application with this Court. On February 18, 2016, this Court denied as moot defendant’s request for the district court to rule on his motion to supplement the record, but granted the writ application and remanded the matter for the district court to consider defendant’s pending motion to correct an illegal sentence as an application for post-conviction relief seeking an out-of-time appeal. See State v. Sutton, 16-KH-62 (La. App. 5 Cir. 2/18/16) (unpublished writ disposition). On February 29, 2016, the trial court granted defendant’s motion for an out-of-time appeal.[1]
[«FACTS
Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that on or between March 27, 2013 and April 4, 2013, in Jefferson Parish, defendant violated La. R.S. 40:979 and La. R.S. 40:967(F) in that he knowingly or intentionally attempted to possess a controlled dangerous substance, to-wit: cocaine, in excess of 400 grams.
ASSIGNMENT OF ERROR
In his sole assignment of error, defendant argues, both through appointed counsel and in his pro se brief, that his underlying conviction from Texas was ineligible to be used as a predicate offense for the purpose of the habitual offender bill of information.[2]
In reply, the State concurs that defendant was sentenced in error as a habitual offender. It explains that the predicate conviction from Texas was ineligible for use in a habitual offender proceeding because in the Texas proceeding, defendant was discharged, and the judge set aside the plea and dismissed the indictment. The State submits that this error should be corrected in the interest of justice. As such, the State asks this Court to uphold defendant’s conviction for attempted possession of cocaine in excess of 400 grams, vacate his habitual offender adjudication and sentence, and remand for further proceedings.[3]
The record shows that on February 18, 2014, the State filed a habitual offender bill of information alleging that defendant was a second felony offender. The predicate offense alleged was a guilty plea on April 20, 2010 to possession of counterfeit records in the 179th District Court of Harris County, Texas, Case No. 1241540. The State indicated in the habitual offender bill of information that if the Texas offense *333 had occurred in Louisiana, it would have been a violation of La. R.S. 14:223. Defendant stipulated to the habitual offender bill of information on February 18,2014.
In the instant case, defendant filed a motion to supplement the record with documentary evidence and legal argument in support of his motion to correct an illegal sentence. Attached to his motion was a Certificate of Disposition, the habitual offender bill of information in the instant case, an Order of Deferred Adjudication, an Order Affecting Community Supervision, and an indictment. On October 16, 2015, the trial court granted defendant’s motion to supplement the record. The documents attached to the motion to correct illegal sentence show that the Texas court deferred adjudication of guilt and placed defendant on community supervision, after which the deferred adjudication of guilt was terminated, defendant was discharged, and the case was dismissed. As such, it appears that the predicate offense used in the habitual offender bill was not a conviction. The State concedes this point.
La. R.S. 15:529.1 provides, in pertinent part:
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
[[Image here]]
In State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La. 1982), cited by defendant in his motion to correct an illegal sentence, the defendant contended that his adjudication in 1975 as a third felony offender was erroneous and his fifteen-year sentence was illegal because the State erroneously used a 1974 federal conviction as a predicate in the habitual offender bill of information. The Supreme Court found that the federal conviction could not be used to enhance the | ¿defendant's sentence because although it was a felony under federal law, it was not a felony under Louisiana law. Also, the Supreme Court determined that once the federal conviction was excluded, the 1967 conviction could not be used because more than five years had elapsed between the completion of the 1967 sentence and his commission of the subject offense. The Supreme Court held that the fifteen-year sentence was illegal and could be corrected at any time under La. C.Cr.P. art. 882.[4] As such, it vacated the sentence that was imposed following the defendant’s erroneous adjudication as a habitual offender and remanded the matter for resen-tencing.
In State v. Reed, 11-1026 (La.App. 4 Cir. 11/30/11), 79 So.3d 492, cited by defendant in his motion to correct an illegal sentence, the defendant contended that the predicate offense was a misdemeanor rather than a felony as required by statute, and therefore, his enhanced sentence was illegal, relying upon State ex rel. Wilson v. Maggio, supra. The defendant pleaded guilty to attempted armed robbery and stipulated to the habitual offender bill of information. In accordance with a plea agreement, the district court sentenced the defendant as a habitual offender to twenty-five years imprisonment at hard labor. The defendant did not appeal his conviction and sentence. Many years later, the defendant filed a motion to correct an illegal sentence under La. C.Cr.P. art. 882, *334 alleging that the predicate offense used to habitually bill him was not a felony conviction as required by La. R.S. 15:529.1(A). Without a hearing, the district court denied the motion, reasoning that the sentence was within the sentencing range for the crime of attempted armed robbery to which the defendant had pled guilty. The appellate court, however, found that the district court’s reliance on the number of years imposed on the defendant was misplaced, as the habitual offender sentence carried |fiwith it consequences that would not have flowed had he been sentenced to the same twenty-five years for only the underlying crime.
The appellate court found that, as in the Wilson case, the motion to correct an illegal sentence was based on the district court’s erroneous consideration of a misdemeanor as a predicate, that if the predicate was vacated, the enhanced sentence was illegal, and that the defendant properly raised this claim under La. C.Cr.P. art. 882. As such, the appellate court granted the writ, reversed the district court’s ruling summarily denying the motion to correct an illegal sentence, and remanded the matter for a hearing on the motion.
Though not exactly factually on point, these two cases hold that where it is shown that the predicate conviction is invalid for use for enhancement under La. R.S. 15:529.1, a court may, on appeal and pursuant to the authority found in La. C.Cr.P. art. 882, correct the illegal habitual offender sentence. In the instant case, we find that since the enhanced sentence was based on the invalid conviction from Texas used as a predicate in the habitual offender bill of information, the enhanced sentence is illegal and may be corrected under La. C.Cr.P. art. 882. Accordingly, we vacate defendant’s habitual offender adjudication and his enhanced sentence, reinstate the original sentence imposed on defendant, and remand the matter to the trial court for further proceedings.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The review reveals two errors patent that merit discussion.
First, the trial judge did not order defendant to pay the mandatory fíne as required by La. R.S. 40:979 and La. R.S. 40:967(F).[5] However, since defendant |7appears to be indigent, as evidenced by his representation by the Louisiana Appellate Project, and his sentence resulted from a guilty plea, we decline to correct the illegally lenient sentence. See State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242.
Second, the transcript reflects that the trial judge did not order either the original sentence or the enhanced sentence to be served at hard labor; however, the commitment reflects that the trial judge ordered the original sentence and the enhanced sentences to be served at hard labor. The transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Nevertheless, the trial judge stated that the original sentence and the enhanced sen *335 tence were to be served in the Department of Corrections. Although the trial judge did not state that the sentences were to be served at hard labor, “a sentence committing a prisoner to the Department of Corrections is necessarily at hard labor.” State v. Lawson, 04-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 621 n.2, writ denied, 05-0244 (La. 12/9/05), 916 So.2d 1048. Accordingly, no corrective action is necessary.
CONCLUSION
For the foregoing reasons, defendant’s habitual offender sentence is vacated, defendant’s original sentence of seven years, six months at hard labor is reinstated, and the matter is remanded for further proceedings.
HABITUAL OFFENDER SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED; REMANDED

. It is noted that on June 20, 2016, appellatcounsel filed a brief in this Court pursuant Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on behalf of defendant; however, on July 8, 2016, appellate counsel filed a supplemental brief raising one assignment of error. That same day, appellate counsel filed a motion to dismiss the motion to withdraw as attorney of record for defendant, which this Court granted.

. Defendant did not specifically assign this error in his pro se brief; however, this is a summary óf his argument.

. The State asserts that there are no grounds to vacate the guilty plea for attempted possession of cocaine in excess of 400 grams, as the record shows that defendant’s guilty plea was freely and voluntarily made, that the trial court explained to defendant the rights he was waiving, that the trial court sentenced defendant pursuant to the plea agreement; and that the sentence was beneficial to defendant and within statutory requirements. Defendant has not argued such.

. La. C.Cr.P. art. 882(A) provides: "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.”

. La. R.S. 40:967(F)(1)(c) provides for a mandatory fine of not less than $250,000.00 and not more than $600,000.00. La. R.S. 40:979(A) provides: "Except as otherwise provided herein, any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this Part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the longest term of imprisonment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.”