PER CURIAM.
This is a petition for a writ of certiorari seeking review of an interlocutory discovery order which compels two medical malpractice plaintiffs [Luis Ruiz, through his guardian, Rosa Ruiz, and Rosa Ruiz, individually] to answer an interrogatory propounded by a medical malpractice defendant [Cesar Brea, M.D.]. The interrogatory in question requested the plaintiffs to divulge the name, profession and address of “each expert consulted by you or your attorneys, relative to the subject matter of this case, but [who] you do not expect to call to testify at trial.” The trial court, upon proper motion, entered an order compelling the plaintiffs to answer this interrogatory. We grant the petition for a writ of certiorari and quash the order under *1137 review as being overbroad. We reach this result based on the following, briefly stated legal analysis.
First, the identity and information possessed by experts informally consulted by a party, but who (a) are not retained or specifically employed in anticipation of litigation or preparation for trial, and (b) will not be witnesses at trial, are not subject to discovery by any method under the Florida Rules of Civil Procedure. This appears to be the settled law in the federal courts interpreting Rule 26(b)(4) of the Federal Rules of Civil Procedure upon which Rule 1.280(b)(3) of the Florida Rules of Civil Procedure was patterned, and we specifically adopt same as the Florida law on this question. See Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496, 501 (10th Cir.1980); 4 J.M. Moore, J.D. Lucas, G.J. Grotheer, Moore’s Federal Practice § 26.66[4], at 26-422 (2d ed. 1984), and cases collected; 8 C.A. Wright and A.R. Miller, Federal Practice and Procedure: Civil § 2033, at 257 (1970).
Second, Florida Rule of Civil Procedure 1.280(b)(3)(B) creates a work product privilege as to “facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness.” This rule, however, creates no such privilege as to the identity of such experts and, consequently, this information is ordinarily discoverable where relevant. We are supported in this analysis by what we regard to be the better view taken on this issue by the federal courts in interpreting the comparable federal rule of civil procedure. Baki v. B.F. Diamond Construction Co., 71 F.R.D. 179 (D.Md.1976); accord Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa.1980); In re Folding Carton Antitrust Litigation, 83 F.R.D. 256 (N.D.Ill.1979); Arco Pipeline Co. v. S/S Trade Star, 81 F.R.D. 416 (E.D.Pa.1978); Weiner v. Bache Halsey Stuart, Inc., 76 F.R.D. 624 (S.D.Fla.1977); 8 Wright & Miller, supra, § 2032, at 255 n. 81 and accompanying text. We have not overlooked the contrary federal authority on this subject but are not persuaded thereby. See 4 Moore’s Federal Practice, supra, § 26.66[4], at 26-420, 26-421 setting forth both lines of authority.
Third, the order under review is over-broad because it orders the plaintiffs to disclose the identity of all experts who the plaintiffs have “consulted.. .relative to the subject matter of this case,” which would include experts informally consulted, but not retained or specially employed, by the plaintiffs. The said order must therefore be quashed as covering information which is not discoverable under Florida law. Upon remand, however, the order under review may be modified to order the plaintiffs to disclose the identity of experts who have been retained or specially employed by them in anticipation of litigation or preparation for trial, but who are not expected to be called as witnesses at trial.
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to modify the said order as stated above.
It is so ordered.
HENDRY and HUBBART, JJ. concur.