PER CURIAM.*
Granted in part; denied in part. The judgment of the court of appeal is reversed in so far as it sets aside respondent’s multiple offender adjudication in 1982. Even assuming that the court of appeal had the authority to reopen the matter of respondent’s sentence years after the finality of his conviction, cf, State v. Fischer, 98-0468 (La.9/18/98), 725 So.2d 485, the Fourth Circuit expressly limited its grant of an out-of-time appeal in this case to the resentencing conducted on June 29, 1994. The record of the original multiple offender proceedings first considered on appeal in State v. Donaldson, 489 So.2d 1138 (La. App. 4th Cir.1983), was therefore not properly before the court of appeal on this occasion. In all other respects the judgment of the Fourth Circuit remanding this case to the district court for sentencing before another judge is affirmed in accord with our previous order in State ex rel. Donaldson v. Whitley, 605 So.2d 1078 (La.1992). The district court shall resentence respondent in compliance with the guidelines now provided by La.C.Cr.P. art. 894.1, as amended by 1995 La. Acts 942.
JOHNSON, J., would deny the writ. The court of appeal reached the correct decision.

 Kimball, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.