JjLEON A. CANNIZZARO, JR., Judge.
The defendant, Calvin Donaldson, was re-sentenced after having served twenty years in prison, and he is now appealing the sentence he received when he was re-sentenced. We find no error in the re-sentencing. Therefore, we affirm the sentence being appealed.
STATEMENT OF THE CASE
Mr. Donaldson was convicted of armed robbery almost twenty-two years ago. The State then charged him under the Habitual Offender Law, La. R.S. 15:529.1, and he was sentenced as a second offender to serve one hundred ninety-eight years at hard labor. His conviction and sentence were affirmed on appeal. State v. Donaldson, 439 So.2d 1138 (La.App. 4 Cir.1983).
Mr. Donaldson subsequently applied for post conviction relief, and the Louisiana *40 Supreme Court set aside his sentence and remanded the case for re-sentencing, because the sentencing record did not show adequate compliance with La.C.Cr.P. art. 894.1, which establishes certain sentencing guidelines. Almost eleven years after his original conviction, Mr. Donaldson was re-sentenced as a second offender under the Habitual Offender Law to serve sixty-six years at hard labor without the benefit of parole.
|?Mr. Donaldson then applied to this Court for supervisory writs alleging that the sixty-six year sentence was an illegal sentence. This Court vacated that sentence on the grounds that the trial court judge’s statement at the re-sentencing hearing indicated that he considered the sixty-six year sentence to be the minimum sentence that Mr. Donaldson could be given as a second offender. State v. Donaldson, unpubl., 94-0332 (La.App. 4 Cir. 5/5/94).
Approximately two months later, Mr. Donaldson was once again re-sentenced to sixty-six years at hard labor without the benefit of parole, probation, or suspension of sentence. Three years later this Court granted Mr. Donaldson an out-of-time appeal. This Court found that Mr. Donaldson had pled guilty to being a second offender without having been apprised of his constitutional rights in connection with his adjudication under the Habitual Offender Law. Thus Mr. Donaldson’s sixty-six year sentence as well as his conviction under the Habitual Offender Law as a second offender were vacated. His original armed robbery conviction was undisturbed by this Court, so the matter was remanded for sentencing on the armed robbery conviction. State v. Donaldson, 98-1015 (La.App. 4 Cir. 1/6/99), 726 So.2d 1003.
After his out-of-time appeal to this Court, a writ of certiorari was filed with the Louisiana Supreme Court. The Supreme Court granted the writ in part and denied the writ in part. State v. Donaldson, 99-0369 (La.9/3/99), 740 So.2d 103. In a per curiam decision, the Supreme Court reversed the judgment of this Court vacating Mr. Donaldson’s conviction as a second offender under the Habitual Offender Law. The Supreme Court stated as follows:
Even assuming that the court of appeal had the authority to reopen the matter of respondent’s sentence years after the finality of his conviction, cf., State v. Fischer, 98-|04683 (La.9/18/98), 725 So.2d 485, the Fourth Circuit expressly limited its grant of an out-of-time appeal in this case to the re-sentencing conducted on June 29, 1994. The record of the original multiple offender proceedings first considered on appeal in State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir. 1983), was therefore not properly before the court of appeal on this occasion. In all other respects the judgment of the Fourth Circuit remanding this case to the district court for sentencing before another judge is affirmed in accord with our previous order in State ex rel. Donaldson v. Whitley, 605 So.2d 1078 (La.1992). The district court shall resen-tence respondent in compliance with the guidelines now provided by La.C.Cr.P. art. 894.1, as amended by 1995 La. Acts 942.
740 So.2d at 104.
After the Supreme Court rendered this decision, Mr. Donaldson was re-sentenced by the district court to serve thirty-three years at hard labor without the benefit of parole, probation, or suspension of sentence as a second offender under the Habitual Offender Law in accordance with the Supreme Court’s mandate. Almost two years after the trial court re-sentenced him, Mr. Donaldson filed an application for supervisory writs with this Court seeking another out-of-time appeal. In his application for an out-of-time appeal, Mr. Donald *41 son alleged that the attorney who represented him at his most recent sentencing hearing had agreed to file an appeal from the sentencing decision but had not done so. In his writ application, Mr. Donaldson asked this Court to grant him an out-of-time appeal of his thirty-three year sentence, and this Court did so. The out-of-time appeal of Mr. Donaldson’s thirty-three year sentence is now before this Court.
DISCUSSION
Assignment of Error No. 1: Where Calvin Donaldson’s multiple bill sentence relies on an admission to his multiple offender status taken without proper inquiry by the original court, the sentence is illegal. The district court erred in denying his Motion to Withdraw or Vacate the multiple offender conviction.
|4Mr. Donaldson contends that his thirty-three year sentence as a second offender under the Habitual Offender Law is illegal, because his original guilty plea to being a second offender was not voluntarily entered. In his original appeal to this Court, however, he did not raise this issue. He did, however, raise this issue in an assignment of error in his first out-of-time appeal, and he has raised it again in the instant out-of-time appeal in this assignment of error.
La.C.Cr.P. art. 930.8(A) provides in relevant part as follows:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final ... unless any of the following apply:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
Mr. Donaldson was most recently sentenced on September 29, 2000. On August 8, 2002, this Court granted his writ for the purpose of granting him an out-of time appeal. Therefore, his application for post-conviction relief was filed within two years after his judgment of conviction and sentence became final as required by article 980.8. Although the judgment of conviction had become final years ago, the two-year prescriptive period for an application for post-conviction relief had not yet run when Mr. Donaldson applied for the instant out-of-time appeal, because his sentence was not final until after September 29, 2000. | ¡¡Therefore, it would appear that Mr. Donaldson is entitled to raise the issue addressed in his first assignment of error. That is not the case, however.
This Court is bound by the decision in State v. Donaldson, 99-0369 (La.9/3/99), 740 So.2d 103. Under the rationale of that decision, Mr. Donaldson’s original adjudication under the Habitual Offender Law is not now before this Court, and we cannot consider it. In his most recent application for post conviction relief, Mr. Donaldson only requested an out-of-time appeal of his most recent sentence. His application did not raise the issue of the illegality of his conviction as a second offender, although, as was the case in the earlier out-of-time appeal to this Court, Mr. Donaldson did brief the issue. Even though we might want to consider the issue of the legality of Mr. Donaldson’s adjudication under the Habitual Offender Law, we cannot do so.
*42 Additionally, in State v. Williams, 2002-1030, p. 7 (La.10/15/02), 830 So.2d 984, 988, the Louisiana Supreme Court stated that “[t]he general rule established by this Court is that issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Constitutional issues are no exception.” The failure of the trial court to apprise Mr. Donaldson of his rights in connection with his adjudication under the Habitual Offender Law was not only not raised in the trial court, it was not raised on appeal when his conviction was originally appealed. Therefore, under the Williams case, we are also precluded from considering Mr. Donaldson’s claims regarding the habitual offender conviction.
Mr. Donaldson also argues that this Court can correct an illegal sentence at any time under the provisions of La. C.Cr.P. art. 882(A), which provides that “[a]n illegal sentence may be corrected at any time by ... an appellate court on review.” | (¡We have reviewed Mr. Donaldson’s thirty-three year sentence, and we find that this sentence is clearly legal under the provisions of La. R.S. 14:64(B), the armed robbery statute, and La. R.S. 15:529.1, the Habitual Offender Law. Even if Mr. Donaldson had not been sentenced under the Habitual Offender Law, his sentence is still well within the legal limits for his armed robbery conviction.
Mr. Donaldson’s first assignment of error is without merit.
Assignment of Error No. 2: The district court erred, on remand, in imposing the sentence of thirty-three years without considering whether a departure from the statutory minimum and consideration of the sentencing guidelines, in effect in 1982, would result in a more appropriate and tailored sentence.
La.C.Cr.P. art. 881.1 provides in pertinent part as follows:
A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
[[Image here]]
B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
[[Image here]]
E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Because Mr. Donaldson failed to make either an oral or written motion for a reconsideration of his sentence, he is now precluded from raising the claim that the trial court failed to consider the sentencing guidelines in La.C.Cr.P. art. 894.1. See also State v. Tyler, 98-1667, p. 14 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 775. There is no merit to this assignment of error.
^CONCLUSION
We find no error in the thirty-three year sentence imposed on Mr. Donaldson. The sentence is affirmed.
AFFIRMED.