EDWIN A. LOMBARD, Judge.
hThe defendant, Dominic Buhcannon, challenges only his sentencing as a multiple offender in this appeal. After review of the record in light of the applicable law and arguments of the parties, we amend the defendant’s sentence to delete the prohibition of parole eligibility and, as amended, affirm his sentence. We also grant the appellate counsel’s motion to withdraw.

Relevant Facts and Procedural History

The defendant was convicted for attempted second degree robbery and initially sentenced to six years at hard labor with credit for time served. State v. Buhcannon, 2011-1727, p. 1 (La.App. 4 Cir. 3/13/13), 112 So.3d 312, 314. Pursuant to La.Rev.Stat. 15:529.1, the State charged the defendant as a multiple offender based upon a 2005 felony conviction for solicitation of crime against nature. Counsel for the defendant moved to quash the multiple bill, contending that it violated the defendant’s equal protection rights because, after he pleaded guilty to the violation of La.Rev.Stat. 14:89 (crime against nature by solicitation) in 2005, the legislature amended the statute to provide that á first offense was a misdemeanor rather than the felony to which the defendant had pleaded guilty. Counsel also argued that the multiple bill should be quashed 12because the multiple bill hearing was not timely filed. The motion to quash was denied and the multiple bill hearing was held on May 11, 2012.
At the hearing, the State presented Officer Jay Jaquet, a latent print examiner for the New Orleans Police Department (NOPD) who testified that the defendant’s prints in connection with the arrest register for the 2005 conviction matched the prints taken from the defendant on the morning of the multiple bill hearing. At the conclusion of Officer Jaquet’s testimony, counsel for the defendant re-urged the motion to quash. The trial court, finding no merit in counsel’s argument that the revised statute should be applied retroactively (thereby downgrading the defendant’s 2005 conviction to a misdemeanor and therefore unsuitable as an underlying offense for multiple bill purposes) or that the time limitation for filing a multiple bill had elapsed, again denied the motion to quash. After vacating the defendant’s initial sentence, the trial court sentenced the defendant as a multiple offender to serve ten years at hard labor with credit for time served but without the benefit of probation, parole, or suspension of sentence. In its written reasons, the trial court stated in pertinent part:
Concerning the previous [crime against nature] conviction, which stems from 2005 in Orleans Parish Criminal District Court, Section “L”, this Court believes that arguing these issues at this time is improper in that [the defendant] attempted to re-litigate the prior conviction during the multiple bill hearing. Moreover, [the defendant] has an adequate remedy on appeal in that case. Concerning the time limitation to have a multiple bill hearing, the State of Louisiana timely filed a multiple bill in this matter; nevertheless, the hearing was reset many times due to the State of Louisiana being in jury trials, the defendant not being transported from the Department of Corrections and due to continuances on behalf of defense counsel. As a result, the claim that the hearing was not held in a timely manner without legitimate excuses is without merit.
A notice of appeal was filed on behalf of the defendant and the Louisiana Appellate Project was assigned as the defendant’s counsel on appeal. However, ^appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. *856 Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, stating that after close review of the record, she is unable to find any non-frivolous issues subject to argument and, therefore, requesting that the court conduct an errors patent review and allow her to withdraw from representation of the defendant in this appeal. The defendant subsequently filed a timely pro se brief, asserting four assignments of error: (1) the trial court failed to comply with the sentencing guidelines of La.Code Crim. Proc. Art. 841 and consider mitigating circumstance or state into the record the factors of consideration underlying its imposition of the habitual offender sentence; (2) the trial court erred in imposing a sentence denying applicable parole eligibility benefits; (3) the “trial court failed to carry its burden of proof’ that the defendant was a second offender under La.Rev.Stat. 15:529.1; and (4) the trial court failed to arraign the defendant on the multiple bill or inform him of his rights and the allegations contained in the bill of information.

Discussion

Error Patent Review/Assignment of Error 2

A review of the record reveals one error patent: the trial court erred, as the defendant asserts in his second assignment of error, in denying applicable parole eligibility benefits when sentencing the defendant as a multiple offender. Pursuant to La.Rev.Stat. 15:529.1(G) “[a]ny sentence imposed under the provisions of [the Habitual Offender Law] shall be at hard labor without benefit of probation or suspension of sentence.” Notably, there is no statutory prohibition of parole benefits.
Likewise, La.Rev.Stat. 14:64.4, the statute pertaining to second degree robbery, does not restrict parole eligibility: “[w]ho-ever commits the crime of | ¿second degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years.” La.Rev.Stat. 14:64.4(B). In turn, La.Rev.Stat. 15:574.4 (governing parole eligibility with regard to multiple offenders) provides in pertinent part:
A. (l)(a) Unless eligible at an earlier date and except as provided for in Sub-paragraph (b) of this Paragraph and Subsection B of this Section, a person, otherwise eligible for parole, convicted of a first felony offense shall be eligible for parole consideration upon serving thirty-three and one-third percent of the sentence imposed. Upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving fifty percent of the sentence imposed. A person convicted of a third or subsequent felony offense shall not be eligible for parole.
(b)(i) Notwithstanding the provisions of Subparagraph (a) of this Paragraph, a person, otherwise eligible for parole, convicted of a first felony offense shall be eligible for parole consideration upon serving twenty-five percent of the sentence imposed. The provisions of this Subparagraph shall not apply to any person who has been convicted of a crime of violence as defined in R.S. 14:2(B), has been convicted of a sex offense as defined in R.S. 15:541, has been sentenced as a habitual offender pursuant to R.S. 15:529.1, or is otherwise ineligible for parole.
(ii) Notwithstanding the provisions of Subparagraph (a) of this Paragraph, a person, otherwise eligible for parole, convicted of a second felony offense shall be eligible for parole consideration upon serving thirty-three and one-third percent of the sentence imposed. The provisions of this Item shall not apply to any person who has been convicted of a crime of violence as defined in R.S. 14:2(B), has been *857 convicted of a sex offense as defined in R.S. 15:541, has been sentenced as a habitual offender pursuant to R.S. 15:529.1, or is otherwise ineligible for parole, (emphasis added).
In sentencing the defendant, however, the trial court stated:
Let the record reflect he’s seated, and his attorney is over to the side. Okay. So you are now going to be sentenced pursuant to Louisiana Revised Statute 15:529.1. So, at this time, the Court’s vacating the sentence of February 4th of 2011, sentencing you pursuant to Louisiana Revised Statute 15:529.1 as a double offender to ten years in the Department of Corrections at hard labor. These ten years are to be served without the benefits of probation, parole, or suspension of sentence. The Court is going to give you full credit for any and all time served, including the deduction of, ah, time actually 1 ¡¡served under the sentence so vacated. And the Court’s going to assess court costs in the amount of $35.00 as required by law.
The defendant, a second offender convicted of a crime of violence, is statutorily eligible for parole after serving fifty percent of the sentence imposed. See La.Rev. Stat. 15:574.4(A). Therefore, it was error for the trial court to sentence him without any parole eligibility and, accordingly, we amend his sentence to delete the prohibition of parole eligibility.

Assignment of Error 1

In his first pro se assignment of error, the defendant asserts that the trial court failed to comply with the sentencing guidelines of La.Code Crim. Proc. art. 894.1 by failing to consider mitigating circumstances or stating for the record all circumstances taken into account and a factual basis for imposing the sentence. However, the defendant is precluded from raising this issue in the present appeal because there is no indication in the record that the requisite written or oral motion to reconsider sentence was filed in connection with his sentence imposed pursuant to La. Rev.Stat. 15:529.1. State v. Donaldson, 2004-0366, p. 6 (La.App. 4 Cir. 7/14/04), 880 So.2d 39, 42.

Assignment of Error 3

In his third pro se assignment of error, the defendant argues that the trial court failed to carry its burden of proof that Defendant was a second offender pursuant to La.Rev.Stat. 15:529.1.
First, the burden of proof that the defendant was a second offender was on the State, not the trial court. As counsel acknowledged in her Anders brief, based on Officer Jaquet’s testimony that the defendant’s fingerprints taken in court that day matched the fingerprints on the bill of information and arrest register for the | f,2005 conviction, the trial court did not err in finding the defendant a second offender for multiple offender sentencing purposes. In addition, the certified packet submitted in connection with the 2005 conviction contains the “waiver of rights” form signed by the defendant when he pleaded guilty, as well as evidence that the trial court advised the defendant of the rights that he waived by pleading guilty to that offense. In addition, the multiple bill hearing transcript reveals that there was no objection by the defense to the State’s proof establishing that he was a second offender and, therefore, this issue was not preserved for appeal. See La. Code Crim. Proc. art. 841 (error cannot be challenged after verdict without contemporaneous objection).

Assignment of Error k

In the defendant’s final pro se assignment of error, he argues that the trial court failed to formally arraign him on the *858 multiple bill because he was not informed of the allegation contained in the bill of information or of his rights. Although the hearing transcript indicates that he was not formally arraigned, there was no objection to the trial court’s failure to formally read the multiple bill at the hearing and, accordingly, this argument has been waived. See La.Code Crim. Proc. art. 555 (“A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.”); La.Code Crim. Proc. Art. 841 (“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence”).
This assignment of error is without merit.

17Conclusion

As acknowledged in the Anders brief, the defendant has challenged his conviction in a separate appeal and, therefore,. the only issues currently before us are related to the denial of the defendant’s motion to quash the multiple bill, his adjudication as a multiple offender, and his sentence. The defendant’s motion to quash was based on his argument that his right to equal protection was violated because the legislature changed the offense of solicitation of crime against nature from a felony to a misdemeanor for a first offense. As conceded by counsel, however, the Louisiana Supreme Court has repeatedly rejected the argument that a felony which has been reduced to a misdemeanor cannot serve to enhance a sentence. See State v. Sugasti, 2001-3407, pp. 4-5 (La.6/21/02), 820 So.2d 518, 520 (law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer).
In addition, as conceded by counsel, the sentencing range for attempted second degree armed robbery as a second offender is ten to forty years and, as such, the defendant received the statutory minimum. In any event, (as again pointed out by counsel) even if the ten-year sentence were excessive, the issue was not preserved for appeal by objecting or filing a motion to reconsider sentence. See La. Code Crim. Proc. art. 881.1(E)(“Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.”). Finally, with regard to the timeliness of the multiple bill hearing, counsel for the defendant acknowledges that the delays were primarily due to the Department of Correction’s ^failure to bring the defendant to court, as well as several continuances requested by the defendant and one joint request (by the State and the defendant) for one continuance. Thus, as counsel submits, the State was not abusive or vindictive in causing the delays with respect to holding the multiple bill hearing.
After an independent thorough review of the record as mandated by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990) (interpreting Anders), we find only the error discussed above. Therefore, the defendant’s multiple bill sentence is amended to delete the prohibition of parole eligibility and, as amended, affirmed. In addition, the appellate counsel’s motion to withdraw is granted.
SENTENCE AMENDED AND, AS AMENDED, AFFIRMED; MOTION GRANTED.