ROSEMARY LEDET, Judge.
|,This appeal arises from the adjudication and sentence of the defendant, Larry Robair, as a fourth felony offender. Mr. Robair contends that insufficient evidence was presented to support his adjudication as a fourth felony offender and that his twenty-year mandatory minimum sentence was excessive, especially given his age. Finding the district court did not err in adjudicating Mr. Robair as a fourth felony offender and imposing the mandatory minimum sentence, we affirm.

STATEMENT OF THE FACTS

The facts of the instant case are set forth in this court’s earlier opinion, State v. Robair, 09-0865, pp. 1-3 (La.App. 4 Cir. 11/12/09) (unpub.), as follows:
Patrick Clark, the victim, was homeless and living under the raised interstate on Claiborne Avenue on February 14, 2008. At that time, Clark knew who Robair was, but did not know him personally. The two men had been living under the interstate for approximately seven months, and their tents were four or five tents apart.
Clark testified that on the morning of February 14, 2008, someone brought bags of clothes, which were received by three of the men living under the interstate. Robair and Clark were amongst this number. As Robair received a bag containing women’s clothing, he asked Clark for some clothes from his bag. Clark refused to share. Robair got upset and left on his bicycle, exclaiming, “[ijt’s not over with ... ”. Robair returned about fifteen minutes later. Clark had the impression that Robair was upset, and the two men watched each other. However, Clark did not think the situation would escalate.
|2At approximately noon, some two hours later, someone brought food donations for lunch. Clark and another man got some food. When Clark returned to his tent, he saw Robair. Robair smiled, and Clark “thought nothing of it.” However, as Clark walked away, he felt Robair grab his shirt, “real tight.” He then felt himself being stabbed, but did not see it happening. Clark attempted to get away, but Robair continued stabbing. At one point, someone exclaimed, “what are you doing?” Realizing others were watching, Robair then let go and fled.
Clark had been stabbed ten or eleven times in his back and in the back of his arm. An ambulance arrived some three minutes later and took Mr. Clark to the University Hospital. He was there for three days. Treatment included surgery to drain blood from his lungs. Clark also had stitches.
While at the hospital, Clark was interviewed by Det. Lathouwers. She presented Clark with a picture of Robair and asked if he was the man who stabbed him. Clark said, “yeah.” Clark identified Robair in court as his attacker.

STATEMENT OF THE CASE

In 2008, Mr. Robair was convicted by a jury of second degree battery and sen *99 tenced to five years imprisonment. This court affirmed his conviction and sentence in State v. Robair, 09-0865 (La.App. 4 Cir. 11/12/09) (unpub.). Mr. Robair was subsequently adjudicated a fourth felony offender and his previous sentence was vacated. The district court sentenced him to twenty-five years at hard labor. On appeal, Mr. Robair’s adjudication as a fourth felony offender and sentence were vacated because the record on appeal did not contain the exhibits used to establish that he was a multiple offender; and the case was remanded. State v. Robair, 10-1484 (La.App. 4 Cir. 8/24/11) (unpub.).
On remand, Mr. Robair’s competency was questioned; hence, a lunacy commission was convened. Mr. Robair was found competent to proceed. Mr. Robair filed a response and objections to the multiple bill. During the multiple bill hearing, the State called New Orleans Police Officer Jay Jaquet and introduced certified copies of Mr. Robair’s prior convictions. In opposition, Mr. Robair Rasserted that the competency hearing revealed he is unable to read or write. It was also revealed that he has other cognitive limitations, which presented a question regarding whether he knowingly and intelligently waived his rights when he entered his prior guilty pleas. Mr. Robair further asserted that he should not be adjudicated a fourth felony offender because two of his prior convictions are for offenses that are now classified misdemeanors.
Although the district court noted Mr. Robair’s assertions, it adjudicated him a fourth felony offender and sentenced him to twenty years at hard labor. Mr. Robair then requested that the district court consider departing from the mandatory minimum sentence based on his age — fifty-four years old — and the fact that two of his prior felony convictions are for offenses that are now considered misdemeanors. Mr. Robair contended that, given his age, a twenty-year sentence would be the equivalent of a life sentence. The district court rejected Mr. Robair’s contentions. This appeal followed.

DISCUSSION

On appeal, Mr. Robair contends that insufficient evidence was presented to establish that he was a multiple offender and that his sentence was excessive. We separately address each issue.
INSUFFICIENT EVIDENCE
Mr. Robair asserts that the evidence was insufficient to establish that he is a fourth felony offender for the following three reasons: 1) he was entitled to have a jury decide whether he was a quadruple offender; 2) because his previous conviction for possession of stolen property would now be considered a misdemeanor, it did not qualify as a predicate felony for purposes of his multiple |4offender adjudication; and 3) the State failed to establish that the ten-year “cleansing period” under La. R.S. 15:529.1(C) had not lapsed.
Mr. Robair’s adjudication as a multiple offender was based on the following three predicate convictions from Orleans Parish Criminal District Court:
i. Case No. 880-627 (1988), possession of stolen property valued at $100 to $500, sentenced to eighteen months;
ii. Case No. 358-273 (1992), theft of property valued between $100 and $500, sentenced to two years;[1]
iii. Case No. 386-425 (1996), aggravated battery, sentenced to eighty months as a multiple offender.
Review of the record reflects that Mr. Robair failed to preserve his due *100 process argument that he was entitled to have a jury decide whether he was a multiple offender because he failed to enter a contemporaneous objection during the proceedings. State v. Juengain, 09-0425, p. 10 (La.App. 4 Cir. 1/20/10), 41 So.3d 499, 506.[2] In contrast, review of the record reflects that Mr. Robair sufficiently preserved his due process argument that the ten year “cleansing period” under La. R.S. 15:529.1(C) had not elapsed.
This case is distinguishable from State v. Moore, 10-0314 (La.App. 4 Cir. 10/13/10), 57 So.3d 1033, 1042 (on reh’g), in which the defendant did not raise an objection to the multiple bill, either orally or in writing, before the district court. In this case, Mr. Robair did raise the issue before the district court. Although he failed to raise an objection concerning the “cleansing period” during the multiple bill | shearing, the record reflects that he filed a written response to the multiple bill.[3] Therefore, the cleansing period issue was properly preserved for appellate review. See La. R.S. 15:529(D)(1)(b).[4]
Mr. Robair contends that because more than ten years have elapsed between his 1997 aggravated battery conviction and his present 2008 second degree battery charge, the State was required to prove his discharge date in order to meet its burden of proving that the ten year “cleansing period” has not elapsed. He contends that without proof that the “cleansing period” has not lapsed between his most recent prior conviction and the instant offense, the State has failed to establish that he is a multiple offender of any degree.
The State has the burden of proving that the predicate convictions fall within the ten year “cleansing period” under La. R.S. 15:529.1(C). State v. Tatten, 12-0443, p. 9 (La.App. 4 Cir. 5/1/13), 116 So.3d 843, 849, writ denied, 13-1236 (La.12/2/13), 126 So.3d 498 (citing State v. Brown, 598 So.2d 565, 575 (La.App. 4 Cir.1992); and State v. Falgout, 575 So.2d 456, 457 (La.App. 4 Cir.1991)). The “cleansing period” commences from the date the defendant is “actually discharged [ fifrom state custody and supervision.” Tatten, supra (citing State v. Anderson, 349 So.2d 311, 314 (La.1977); and State v. Thomas, 04-1341, p. 15 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906).
The Louisiana Supreme Court has held that “the expiration of a previous sentence *101 is determined by the date of the actual discharge from supervision by the Department of Corrections.” Tatten, supra (citing State ex rel. Wilson v. Maggio, 422 So.2d 1121, 1123 (La.1982); and Anderson, supra.). The Supreme Court has further held that “ ‘[discharge from supervision can take place earlier than the theoretical date on which the initial sentence would have terminated, because of a pardon, commutation, or good time credit. Or it can take place later because of parole revocation.’ ” Tatten, supra (quoting State ex rel. Wilson v. Maggio, 422 So.2d at 1123).
In State v. Turner, 365 So.2d 1352 (La.1978), the Louisiana Supreme Court addressed a defendant’s claim that the evidence presented at his multiple offender hearing failed to establish the date of discharge from his prior conviction and thus was insufficient. Rejecting this claim, the Supreme Court reasoned that “while the record did not affirmatively establish that the time period had or had not elapsed, the showing indicates that more probably than not, the cleansing period had not elapsed between the crimes.” Turner, 365 So.2d at 1355.
Applying these principles, the record in this case reflects that in July 1997 Mr. Robair was sentenced to eighty months at hard labor for aggravated battery. Although the State suggests that the cleansing period did not begin to run until March 2004, Mr. Robair argues that he was given credit for time served—eleven months—and that his discharge date could have been earlier than the theoretical date due to pardon, commutation, or good time credit. In brief, Mr. Robair 17suggests that he could have served as few as twenty months. Even calculating his release date as twenty months from the date of his arrest in August 1996, Mr. Robair still fails to establish that the ten year cleansing period has elapsed. The ten year period would not have elapsed until April 2008; the instant offense was committed before that date—in February 2008. We thus find Mr. Robair’s argument regarding the “cleansing period” lacks merit.
Mr. Robair next contends that that because his conviction for possession of stolen property would now be considered a misdemeanor, the conviction should not have been used as a predicate offense to increase his sentence pursuant to La. R.S. 15:529.1.[5] The district court noted the change in the law, but concluded that the change had no effect because when Mr. Robair pled guilty, the crime was a felony. This Court noted in State v. Buhcannon, 12-1223, p. 7 (La.App. 4 Cir. 6/12/03), 119 So.3d 853, 858, that “the Louisiana Supreme Court has repeatedly rejected the argument that a felony which has been reduced to a misdemeanor cannot serve to enhance a sentence.” Id. Therefore, Mr. Robair’s contention lacks merit.
Summarizing, none of Mr. Robair’s contentions regarding the insufficiency of the evidence to establish his status as a fourth offender has merit. Thus, the district court did not err in adjudicating him as a fourth felony offender.
EXCESSIVE SENTENCE
Mr. Robair contends that his twenty-year sentence is excessive. The district court found Mr. Robair to be a fourth offender and imposed the minimum sentence |sof twenty-years. Mr. Robair’s counsel then asserted that because of Mr. Robair’s age and because the crimes un *102 derlying two of his prior convictions would now be misdemeanors, the district court should consider the twenty-year sentence excessive under State v. Dorthey, 628 So.2d 1276 (La.1993). Therefore, defense counsel implicitly requested that the district court impose a lesser sentence. However, no motion to reconsider the sentence was filed.
This court has found that an objection lodged after sentencing was sufficient to preserve the claim of constitutional excessiveness. State v. Miller, 00-0218, p. 8 (La.App. 4 Cir. 7/25/01), 792 So.2d 104, 111. Given defense counsel’s argument to the district court before sentencing coupled with the district court’s acknowledgment of defense counsel’s argument, we find that the issue of the excessiveness of the sentence was preserved for review.
As this court noted in State v. Phillips, 10-0582, pp. 6-7 (La.App. 4 Cir. 2/17/11), 61 So.3d 130, 134-35, the standard for review of a claim that a mandatory sentence imposed under La. R.S. 15:529.1 is excessive is as follows:
In State v. Rice, 2001-0215, p. 5-6, (La.App. 4 Cir. 1/16/02), 807 So.2d 350, 354, this court reviewed the nature of the habitual felony offender sentencing scheme and the standard for departing from it:
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906, pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must show by clear and convincing evidence that he is exceptional, which in this context means that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343; Johnson, 97-1906, p. 8, 709 So.2d at 677. “Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” Id.
Mr. Robair was convicted of second degree battery. Pursuant to La. R.S. 15:529.1, as a fourth felony offender, Mr. Robair was subject to a sentence of no less than twenty years and no more than his natural life. Mr. Robair contends that his age supports the conclusion that his sentence is excessive. Mr. Robair avers that a twenty-year sentence presents a substantial hardship because, given his age, it is tantamount to a life sentence. He also asserts that because of his age, he is unlikely to reoffend. This argument lacks merit. Mr. Robair was previously convicted of three counts of aggravated battery with a knife and hammer (Case No. 386- *103 425) and the victim of the instant offense was stabbed. Accordingly, Mr. Robair’s criminal history contradicts his assertion that his age makes him unlikely to reof-fend.
Mr. Robair’s prior criminal history reflects that he was initially charged with armed robbery as well as possession of stolen property. The bill of information reflects that Mr. Robair was charged with being in possession of a stolen purse. Accordingly, the offense was not a property crime, as the arrest register reflects that more than the possession of stolen property was an issue.
| inMr. Robair contends that two of the previous convictions constitute non-violent crimes.[6] However, “the defendant’s history of violent or non-violent offenses has already been taken into account under the Habitual Offender Law for third and fourth offenders, which punishes third and fourth offenders with a history of violent offenses more severely than those with a history of non-violent offenses.” State v. Lindsey, 99-3256, 99-3302, p. 5 (La.10/17/00), 770 So.2d 339, 343.
Mr. Robair also stresses that the district court judge failed to provide reasons for imposing the twenty-year sentence. Although several years transpired between the date of the trial and the sentencing, the district court judge acknowledged during sentencing that he still remembered the facts of the case. Moreover, as this Court noted in State v. Jefferson, 04-1960, p. 37 (La.App. 4 Cir. 12/21/05), 922 So.2d 577, 603 (quoting State v. Green, 99-2847, p. 8 (La.App. 4 Cir. 11/29/00), 779 So.2d 835, 840), “ ‘it is an exercise in futility for the district court to enumerate its reasons for sentencing’ ” when the statute provides for a mandatory sentence.
The jurisprudence has recognized that “ ‘[departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.’ ” Phillips, 10-0582 at p. 7, 61 So.3d at 135. This is not such a rare situation. Thus, the district court did not err in imposing the minimum mandatory sentence of twenty years.

\UDECREE

For the foregoing reasons, the district court’s adjudication of the defendant as a fourth felony offender and its imposition of a twenty year sentence are affirmed.
AFFIRMED.
LOVE, J., Concurs in Part and Dissents in Part and Assigns Reasons.

. Mr. Robair was initially charged with theft of property having value of $536.46.

. Regardless, the jurisprudence has held that a defendant is not entitled to a jury trial in connection with a multiple offender proceeding under La. R.S. 15:529.1. State v. Tatten, 12-0443, p. 5 (La.App. 4 Cir. 5/1/13), 116 So.3d 843, 849-50, writ denied, 13-1236 (La.12/2/13), 126 So.3d 498 (citing State v. Landfair, 10-1693, pp. 5-6 (La.App. 4 Cir. 7/20/11), 70 So.3d 1061, 1065-66) (collecting authority).

. The docket master states that on July 9, 2012, the clerk’s office received a response and objection to the habitual offender bill of information pursuant to La. R.S. 15:529.1.

. La. R.S. 15:529.1(D)(l)(b) provides:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction alleged in the information was obtained in violation of the constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

. Mr. Robair was initially charged with theft of property with a value over five hundred dollars, but did not include this offense in his argument, even though he pled guilty to the lesser included offense of theft of property having a value of between $100 and $500.

. Mr. Robair also has a prior conviction for possession of a firearm by a convicted felon in Case No. 281-716.